**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-3193-WJM-KMT

LAWRENCE SEIDMAN,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

      Defendant.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO
DECISION OF MAGISTRATE JUDGE**

---

This case arises out of an accident on August 7, 2012 in which Lawrence

Seidman ("Plaintiff") was hit by an oncoming vehicle while riding his bicycle.  (ECF No. 3

at 2.)  At the time of the accident, Plaintiff was insured by American Family Mutual

Insurance Company ("Defendant").  (*Id.*)  Plaintiff alleges, among other things, bad faith

and breach of insurance contract related to Defendant's handling of Plaintiff's

underinsured motorist claim.  (*Id.* at 3.)

The Final Pretrial Conference was held on February 4, 2016, and the Final

Pretrial Order was entered.  (ECF No. 67.)  On February 19, 2016, Plaintiff filed a

Motion to Amend the Final Pretrial Order ("Motion to Amend").  (ECF No. 73.)  On

February 29, 2016, Defendant filed a Motion to Strike Plaintiff's 22nd, 23rd, 24th, 25th,

26th, 27th and 28th Supplemental Disclosurees [*sic*] and Related Portion of Plaintiff's

Motion to Amend the Final Pretrial Order and to Preclude New Witnesses and Exhibits

("Motion to Strike").  (ECF No. 77.)  The Court referred both motions to United States

Magistrate Judge Kathleen M. Tafoya pursuant to Federal Rule of Civil Procedure 72(a). (ECF Nos. 74, 78.)

On May 26, 2016, the Magistrate Judge addressed both motions in a single order ("Order").  (ECF No. 92.)  The Order awarded attorneys' fees to Defendant in a to-be-determined amount.  (*Id.* at 16.)  On June 15, 2016, Defendant filed a Motion for Costs and Attorneys' Fees pursuant to the Order requesting the stipulated amount of $5,000. (ECF No. 96.)  This motion was also referred to the Magistrate Judge who issued an order on September 26, 2016, awarding $5,000 in costs and attorneys' fees to the Defendant ("Order on Costs").  (ECF Nos. 103, 104.)

Before the Court are the following: (1) Plaintiff's Objection/Appeal of Magistrate Judge's Order on Motion to Amend, Order on Motion to Strike ("Objection to Order") (ECF No. 94); and (2) Plaintiff's Objection/Appeal of Magistrate Judge's Order on Motion for Costs ("Objection to Costs").  (ECF No. 105.)  For the reasons set forth below, both of Plaintiff's Objections are overruled.

## I.  LEGAL STANDARD

"Discovery is a nondispositive matter . . . ."  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must adopt the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson*, 105 F.3d at 566; *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464

2

(10th Cir. 1988).  The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3069 (2d ed., Apr. 2015 update), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).  In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate judge's determination only if his discretion is abused."  *Ariza*, 167 F.R.D. at 133.

## II.  ANALYSIS

### A.    Plaintiff's Objection to Order on Motion to Amend/Order on Motion to Strike

Plaintiff's Motion to Amend proposed an amended Final Pretrial Order that included the following additional material: (1) medical animations, illustrations and drawings, and an accident reconstruction video animation; (2) American Family corporate documents; (3) medical records which pre-date and post-date the discovery cut-off date; and (4) re-categorization of a previously listed medical witness.  (ECF No. 73.)  The Magistrate Judge allowed the Final Pretrial Order to be amended to include Plaintiff's medical records and American Family corporate documents as potential exhibits, but ordered the animation disclosures stricken.  (ECF No. 92 at 11, 17.)[1]

---

[1] Plaintiff argues that the Order violates Plaintiff's substantive rights under Colorado law by abbreviating the Defendant's duty of good faith to investigate Plaintiff's claim up to the end of trial.  (ECF No. 94 at 4.)  The Court will not address this argument as issues not raised before the Magistrate Judge are generally treated as waived.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  Moreover, the Court frankly does not believe Plaintiff's implied representation that he~~it~~ made these disclosure to assist Defendant's evaluation of his insurance claim.  The animations and illustrations are plainly intended as argumentative tools to be presented to a jury.

1.    <u>Medical Animations and Accident Reconstruction Video Animation</u>

Rule 26 allows parties to supplement prior disclosures, in a timely manner, if the

prior response is incomplete or incorrect, and if the additional or corrective information

has not otherwise been made known to the other parties during the course of discovery.

Fed. R. Civ. P. 26(e)(1)(A).  In addition to finding the disclosures untimely, the

Magistrate Judge found that the animations did not concern new or corrective

information.  (ECF No. 92 at 8.)  Plaintiff objects to the Order arguing that the animation

exhibits were not available to Plaintiff prior to February 19, 2016.  (ECF No. 94 at 5–6.)

Whether true or not, this Court would still find no abuse of discretion in the Magistrate

Judge's conclusion that the disclosures do not serve the purpose of Rule 26 because

the exhibits do not seek to correct or complete prior discovery.  Therefore, this portion of

Plaintiff's Objection to Order is overruled.

2.    <u>American Family Corporate Documents</u>

The Magistrate Judge found that the American Family corporate

documents—documents Plaintiff discovered though his own efforts—were untimely and

in considering whether this Rule 26(e) violation is justified or harmless, the Magistrate

Judge applied the factors established by the Tenth Circuit in *Woodworker's Supply, Inc.*

*v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999), noting that

she found it "difficult to ascertain how the Defendant can actually be prejudiced by

inclusion of documents belonging to it, that it knew and acknowledged were relevant,

and that have been produced in several other cases in Colorado and around the

nation." (ECF No. 92 at 13.)  Defendant did not file an objection to this ruling pursuant

to Rule 72(a), but instead Defendant reiterates in its response to Plaintiff's Objection

that the Court should strike the supplemental disclosures because they were untimely. (ECF No. 98 at 6.)  Whether or not Plaintiff's disclosures were untimely, this objection is procedurally improper (given that it is part of a response brief)[2] and is itself untimely (considering that it was presented more than 14 days after the Magistrate Judge's Order).  Thus, the objection is waived.  *See Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 905 (10th Cir. 1995).

      3.   <u>Medical Records</u>

The Magistrate Judge found that the supplemental disclosures objected to by Defendant contained new medical records concerning Plaintiff's medical treatment that was rendered either prior to, during, or subsequent to the discovery cut-off date.  (ECF No. 92 at 14.)  The Magistrate Judge reasoned that because Plaintiff's treatment is ongoing, the tardiness of the disclosures can be excused because Plaintiff seeks to complete discovery as required by Rule 26(e).  (ECF No. 92 at 15.)  Again, Defendant did not file an objection to this ruling pursuant to Rule 72(a), but instead Defendant reiterates in its response to Plaintiff's Objection that the Court should strike the supplemental medical records because they were untimely.  (ECF No. 98 at 6.)  This objection is also procedurally improper, thus the objection is waived.  *See Int'l Surplus*, 52 F.3d at 905.

      4.   <u>Re-Categorization of a Previously Listed Medical Witness</u>

In briefing before the Magistrate Judge, Defendant stated that Plaintiff sought to

---

[2]  Requests for any type of relief must be contained in a separate motion, and not included in the body of a response or reply brief, or other filing. D.C.COLO.CivR 7.1(d); WJM Revised Practice Standard III.B.

modify his witness list to add an additional medical professional (Williams Chambers, MD) not previously disclosed.  (ECF No. 77 at 12.)  The Magistrate Judge noted that "neither party advised the court why Plaintiff was attempting to add a witness . . . or for that matter who Dr. Chambers is or what his relevance is to the case," and subsequently denied Plaintiff's Motion to Amend in this respect.  (ECF No. 92 at 17.)  Plaintiff does not object to the Magistrate Judge's finding in his Objection.  (ECF No. 94.)  However, upon further review, this Court finds that both parties overlooked the presence of Dr. Chambers in the Final Pretrial Order.  (ECF No. 67 at 12.)  The only change Plaintiff actually proposed was to move Dr. Chambers to a separate row of the witness table.  (ECF No. 73-1 at 12.)  Accordingly, the Magistrate Judge's Order is not disturbed in that Plaintiff may not amend the Final Pretrial Order to include a new witness.  (ECF No. 92 at 17.)  However, as a previously disclosed witness, Dr. Chambers will remain as a witness endorsed for trial by Plaintiff, as set forth in the Final Pretrial Order.  (ECF No. 67 at 12.)

     5.   <u>Award of Costs and Attorneys' Fees</u>

The Magistrate Judge awarded all reasonable costs and attorneys' fees to the Defendant for preparation of the Motion to Strike as a sanction for Plaintiff's late disclosure of voluminous discovery after the Final Pretrial Order was entered.  (ECF No. 92 at 16.)  Pursuant to the Order, Defendant filed a Motion for Costs, stating that the parties had conferred and reached an agreement in which the reasonable fees and costs totaled $5,000, and the Magistrate Judge subsequently awarded that amount. (ECF Nos. 96, 96-1, 104.)

Plaintiff now argues that it was improper for the Magistrate Judge to issue

sanctions *sua sponte* when (1) no discovery order was violated, and (2) Defendant had not requested sanctions.  (ECF No. 92 at 9.)

The first argument is moot in light of the Court's agreement with the Magistrate Judge that Plaintiff *did* violate discovery obligations.

As to the second argument, Plaintiff cites no authority for the proposition that Defendant must request attorneys' fees for such fees to be awarded.  A better argument—which Plaintiff never made in either of his Objections and which he has as a result clearly waived (ECF Nos. 94, 104)—would be that Rule 37(c)(1) only permits an award of attorneys' fees "on motion and after giving an opportunity to be heard." Apparently the Magistrate Judge awarded attorneys' fees on her own motion, but did not provide Plaintiff an opportunity to be heard.

Considering Plaintiff's lack of objection and resulting waiver, the Court could still conceivably reach this issue on review by way of a plain error review standard.  But plain error requires "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011).  The Court finds that, regardless of the first three factors, the fourth factor is not present here. A $5,000 attorneys' fee sanction for the needless complication of this litigation caused by these belated disclosures, even if imposed without the normal process, does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court therefore declines to overturn the Magistrate Judge's award of attorneys' fees on a plain error basis, and her Order, ECF No. 92, is affirmed in all

respects.

**B.    Plaintiff's Objection to Order on Motion for Costs**

Plaintiff's Objection to the Magistrate Judge's Order on Costs (ECF No. 104) is in substance a repeat of his first Objection.  Therefore it is late, and even if it were not, for the same reasons that the Court affirmed the Magistrate Judge's Order in respect to the award of attorneys' fees, this Court finds that the Magistrate Judge's Order granting Defendant's Motion for Costs was neither clearly erroneous nor contrary to law.  The Court affirms the Magistrate Judge's Order on Costs.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Objection to Order (ECF No. 94) is OVERRULED;

2.    Plaintiff's Objection to Order on Costs (ECF No. 105) is OVERRULED;

3.    The Magistrate Judge's Order (ECF No. 92) is AFFIRMED; and

4.    The Magistrate Judge's Order on Costs (ECF No. 104) is AFFIRMED.

Dated this 3rd day of November, 2016.

BY THE COURT:

William J. Martínez
United States District Judge

8